


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:09cr130–HEH
)
PATRICK LEE RANKING, )
)
Petitioner. )

## MEMORANDUM OPINION
**(Referring 28 U.S.C. § 2255 Claim to Magistrate Judge)**

Patrick Lee Ranking, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Dk. No. 29.) Ranking makes only the following claim:

> "Attorney Todd B. Stone was ineffective for failing to file an appeal as instructed." (§ 2255 Mot. 5.)

The Government filed its response. Ranking has replied. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

A Grand Jury returned an indictment charging Ranking with the following two counts: (1) conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, and (2) possession with intent to distribute heroin. (Indictment 1–2.) Ranking, pursuant to a Plea Agreement, pled guilty to Count One of the Indictment and the Government dismissed Count Two. (Plea Agreement ¶¶ 1, 11.) The Court sentenced Ranking to the statutory minimum sentence of 120 months of imprisonment. *See* 21 U.S.C. §§ 841(b), 846. Ranking did not appeal.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Ranking asserts that, "[i]mmediately after Judge Hudson imposed the sentence, Ranking instructed Attorney [Todd B. Stone] to file an appeal. Ranking informed Attorney Stone that [Ranking] was unhappy with the sentence because [Ranking] did not receive the safety valve reduction and [Ranking] wanted to appeal." (§ 2255 Mot. 5.) Ranking further claims that:

> Attorney Stone informed Ranking that he would file an appeal and come over to the jail in a couple of days to discuss the appellate process. However, Attorney Stone did not file an appeal as instructed, did not come over to the jail to discuss the appellate process, and the time for filing an appeal passed.

(Mem. Supp. § 2255 Mot. 2 (internal citations omitted).)

An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel.[1] *See Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000). The United States Court of Appeals for the Fourth Circuit holds that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests."[2] *Poindexter*, 492

[1] The Court notes that a split of authority exists respecting whether a lawyer is *per se* ineffective when the lawyer fails to file a notice of appeal despite his client's wishes, even when the defendant has waived his right to appeal and has no meritorious issues to raise. The United States Court of Appeals for the Seventh Circuit departs from the majority of circuits, and holds that counsel is not *per se* ineffective for honoring a client's written waiver of appeal instead of the client's later oral instruction to appeal. *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008). Despite this contrary precedent from a different circuit, this Court adheres to the principles announced by the Fourth Circuit. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

[2] Ranking waived his right to appeal in the Plea Agreement. (Plea Agreement ¶ 6.) The Fourth Circuit generally upholds the validity of appeal waivers entered into knowingly and

F.3d at 273. The Fourth Circuit instructs that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *Id.* at 272. That is the case here.

Ranking's claim will be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings including an evidentiary hearing, if necessary. The record will be expanded under Rule 7 of the Rules Governing § 2255 Motions. The record will be expanded to include documents as described in the accompanying Order.

## III. CONCLUSION

Ranking's Claim will be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings including an evidentiary hearing, if necessary. The record will be expanded under Rule 7 of the Rules Governing § 2255 Motions. The record will be expanded to include documents as described in the accompanying Order.

An appropriate Order shall issue.

HEH /s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 24, 2012
Richmond, Virginia

voluntarily. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (citing *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)).